IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,385-01






EX PARTE WILLIAM CHRISTOPHER LLOYD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 68,452-A IN THE 27th DISTRICT COURT


FROM BELL COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to seven years' imprisonment. Applicant's appeal was dismissed
for want of jurisdiction. Lloyd v. State, No. 03-11-00638-CR (Tex. App.--Austin, delivered
November 16, 2011, no pet.). 

 Applicant contends that he was deprived of his meaningful right to a direct appeal through
no fault of his own. Specifically, the Applicant alleges that a clerical error in the record resulted in
his appeal being dismissed for want of jurisdiction.

 The trial court has entered findings of fact and conclusions of law that a clerical error was
made in this case and recommends that relief be granted. We find that Applicant is entitled to the
opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 68,452-A from
the 27th District Court of Bell County. Applicant is ordered returned to that time at which he may
give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful
appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall
be calculated as if the sentence had been imposed on the date on which the mandate of this Court
issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps
to file a written notice of appeal in the trial court within 30 days after the mandate of this Court
issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 


Delivered: May 8, 2013

Do not publish